# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**LATASHA FRAZIER**                                                                                                          **PLAINTIFFS**

**VS.**                                                         **CIVIL ACTION NO.: 4:17-CV-128-DMB-JMV**

**EVANS REALTY, INC. AND**
**GREENVILLE, LLC**                                                                                                         **DEFENDANTS**

## ORDER

This matter is before the Court, *sua sponte*, for consideration of remand for lack of federal jurisdiction as explained hereafter.[1] Remand may be avoided by the filing of an amended notice of removal—within seven (7) days of the date of this order—that includes allegations that establish an appropriate basis for federal court jurisdiction.

The Notice of Removal (hereinafter "Notice") [1] purports to establish federal jurisdiction on diversity of citizenship under 28 U.S.C. § 1332(a), but it does not adequately identify the citizenship of all parties. "The party asserting diversity jurisdiction must 'distinctly and affirmatively allege[ ]' the citizenship of the parties." *Molina v. Wal-Mart Stores Texas, L.P.*, 535 F. Supp. 2d 805, 807 (W.D. Tex. 2008) (citing *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001)).

Here, the Notice states in relevant part:

The Amended Complaint filed on August 21, 2017 shows that Latasha Frazier is an adult resident citizen of Greenville, Washington County, Mississippi . . . and that Greenville, LLC is an Alabama limited liability company with is principal place of business in Phenix City, Alabama. Amended Complaint, Ex. C, ¶¶ 1-3.

---

[1] The Court is obligated to make an independent inquiry into its jurisdiction. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 593 (2004) (Ginsburg, J., dissenting) (citing *Bender v. Willamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986)) ("[I]t is the obligation of both district court and counsel to be alert to jurisdictional requirements.").

However, upon review of the Amended Complaint, with respect to Plaintiff it is only alleged that "Latasha Frazier is an adult *resident* of Greenville, Washington County Mississippi." Amended Compl. ¶ 1 [emphasis added]. And, of course, the pleading merely makes reference to Greenville, LLC's state of organization and principal place of business.

"For purposes of diversity jurisdiction, the domicile of the parties as opposed to their residence, is the key." *Combee v. Shell Oil Co.,* 615 F.2d 698, 700 (5th Cir. 1980). Accordingly, because the Notice in this case references the allegations of the Amended Complaint, which in only references Plaintiff's state of *residence*, the Notice fails to properly allege Plaintiff's citizenship.

Moreover, for purposes of diversity jurisdiction, "the citizenship of a LLC is determined by the citizenship of all its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Because the Notice in this case fails to identify the members of Greenville, LLC, and each member's citizenship, the Notice is defective.

As noted, the defects in the jurisdictional allegations of the Notice descried above may be corrected by the filing, within seven (7) days of the date of this order, of an amended notice of removal that includes allegations which establish this Court has jurisdiction over this action. Failure to do so will result in the Court recommending remand of this case for lack of subject matter jurisdiction.

**SO ORDERED** this, the 18th day of October, 2017.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**